# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

UNITED STATES OF AMERICA     :
                                  :
       **v.**                             :
                                  :
**JAMES WILEY MAJOR,**         :       **5:95-cr-44 (HL)**
                                  :
       **Defendant.**                  :

## ORDER

Before the Court is the Motion to Modify Fine (Doc. 375) of Defendant James Wiley Major. After consideration, the Court denies the Motion, as more fully set forth below.

In October of 1996, Major entered a plea of guilty to various drug-related offenses, and on January 13, 1997, he was sentenced to a term of imprisonment of 180 months. The Court also imposed a fine of $25,000, which Major was to pay in full immediately. Major appealed from the judgment; the judgment was affirmed by the Court of Appeals on December 13, 1999.

In the Motion now before the Court, Major contends he lacks the resources to pay the fine and is presently in default, although he is attempting to pay the fine through the Bureau of Prisons' Inmate Financial Responsibility Program, from deductions made through his Inmate Trust Fund Account. Previously he was paying $25.00 per quarter, but the Bureau of Prisons recently changed his payment amount so that he is now required to pay $56.00 monthly. He maintains that is financially unable to meet the $56.00 monthly payment set by the Bureau of Prisons. Through this Motion, he seeks the entry of an order staying all payments on the fine until he is released from prison in September of 2008. Alternatively, he asks the Court to direct the Bureau of Prisons to return his payments to the previous level of

$25.00 per quarter.  Neither remedy is available to him in this Court.

A judgment that includes a sentence to pay a fine is a final judgment unless modified or remitted by a Government motion under 18 U.S.C.A. § 3573; corrected under Federal Rule of Criminal Procedure 35 and 18 U.S.C.A. § 3742; or appealed and modified under § 3742. 18 U.S.C.A. § 3572(c) (West 2000).  None of those exceptions apply here.  The judgment that imposed the fine directed that it be payable immediately.  An order staying the payment of the fine would serve to modify a judgment which has been made final.  As this Court has no authority to modify the judgment already imposed, Major's request to stay payment of the fine is hereby denied.  *See* United States v. Lambert, No. 05-2228, 2006 WL 26167, at *1 (7th Cir. Jan. 5, 2006) (stating, "Current federal law simply provides [defendant] no basis to ask the sentencing court to alter his fine.")

Furthermore, insofar as Major's Motion seeks to have this Court direct the Bureau of Prisons to alter his payment schedule, this Court lacks authority to grant such relief.  Courts considering similar issues have concluded that inmate challenges to the Inmate Financial Responsibility Program "concern the execution of sentence, and are therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out." Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).  Here, Major is presently incarcerated at FCI Butner, North Carolina.  Therefore, any challenge he might have to the manner in which his sentence is being carried out, must be brought in the judicial district in which Butner, North Carolina, is located.  *See also* Lambert, 2006 WL 26167, at *1 (citing Matheny and holding that complaints about the administration of Inmate Financial Responsibility Programs must be filed in the district of confinement).

In view of the foregoing, the Court finds that it has no authority to modify Major's

sentence as requested, and also finds that this is not the proper court in which to bring a challenge to the execution of his sentence. Accordingly, the Motion to Modify Payment of Fine is denied.

        **SO ORDERED**, this the 11th day of June, 2008.

                                       *s/ Hugh Lawson*
                                       **HUGH LAWSON, Judge**

mls